

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RUDY AYALA,                          §
                                     §
        Movant,                      §
                                     §
VS.                                  §   NO. 4:15-CV-608-A
                                     §   (NO. 4:13-CR-083-A)
UNITED STATES OF AMERICA,            §
                                     §
        Respondent.                  §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of Rudy Ayala

("movant") under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence. After having considered such motion, its

supporting memorandum, the government's response, movant's reply,

and pertinent parts of the record in Case No. 4:13-CR-083-A,

styled "United States of America v. Rudy Ayala," the court has

concluded that the motion should be denied.

I.

<u>Background</u>

Information contained in the record of the underlying

criminal case discloses the following:

On May 15, 2013, movant was named in a two-count indictment

charging him in count one with possession of stolen mail, in

violation of 18 U.S.C. § 1708, and in count two with possession

of counterfeit postal keys, in violation of 18 U.S.C. § 1704. CR

Doc. 1.[1] Movant initially pleaded guilty to count one pursuant to a plea agreement that contemplated the dismissal of count two. CR Doc. 17. The court deferred acceptance of the plea agreement. Id. By order signed November 15, 2013, the court gave notice that, after having reviewed the presentence report ("PSR"), it had tentatively concluded that the plea agreement should be rejected. CR Doc. 30. The order recited that if the court accepted the plea, movant would face a maximum sentence of five years; whereas, if he were to be convicted of both counts, movant would face a maximum sentence of five years' imprisonment as to count one and ten years' imprisonment as to count two, which could run consecutively, for a total term of imprisonment of fifteen years. Id. The court noted that movant had a serious and violent criminal history and that it could not determine that the remaining charge (were the plea agreement to be accepted) would adequately address the seriousness of the actual behavior and that acceptance of the plea would not undermine the statutory purposes of sentencing. Id. The court set a hearing for November 20, 2013, to consider whether the plea should be rejected. Id.

At the hearing, held November 20, 2013, the court reiterated its concerns about the plea agreement. CR Doc. 44 at 3-6.

---

[1]The "CR Doc." reference is to the court's docket in the underlying criminal case, No. 4:13-CR-083-A.

2

Following a discussion with counsel, the court rejected the plea agreement. Id. at 8. The court then allowed movant to withdraw his guilty plea, which he did. Id. at 9.

On November 22, 2013, movant appeared for rearraignment, having entered into another plea agreement with the government. CR Doc. 34; 45. Before taking the plea, the court cautioned movant that his sentence would be based on the PSR and that movant should not depend on any statement or promise by anyone as to what penalty might be assessed. CR Doc. 45 at 7-8. Movant testified that he understood the court's admonishments. Id. at 8. Movant further testified that he was satisfied with his attorney and that he had no complaints about his representation. Id. at 16-17. The court cautioned movant that if pleaded guilty to count two of the indictment, he would be subjecting himself to a ten-year term of imprisonment and movant testified that he understood the penalties he faced. Id. at 18-19. The plea agreement was read aloud and movant agreed to all of its terms. Id. at 23. Movant testified that he had no deal or understanding not set forth in the plea agreement; that he voluntarily entered into it; that no one had made any promise or assurance to him; that he was not in any way forced to enter the agreement; and that he understood that if he got a sentence more severe than he hoped it would be, he would be bound by it. Id. at 23-24. The court determined that

3

the plea was knowing and voluntary and that movant was competent
to enter into it. Id. at 26. The court then proceeded to the
sentencing with the parties' consent. During the discussion the
court noted that it had tentatively concluded that the sentence
should be at the top of the statutory range, "in other words, a
10-year sentence." Id. at 27-28, 35-36. And after hearing from
counsel and movant, the court sentenced him to a term of
imprisonment of 120 months and dismissed count one of the
indictment. CR Doc. 35; CR Doc. 45 at 41. Movant appealed and the
judgment was affirmed. United States v. Ayala, 582 F. App'x 498
(5th Cir. 2014). The United States Supreme Court denied movant's
petition for certiorari. Ayala v. United States, 135 S. Ct. 1454
(2015).

II.

Ground of the Motion

Movant urges one ground in support of his motion, worded as
follows:

> **GROUND ONE:** DEFENSE COUNSEL PROVIDED INEFFECTIVE
> ASSISTANCE OF COUNSEL, IN VIOLATION OF PETITIONER'S
> SIXTH AMENDMENT RIGHT, BY MISSTATING THE MAXIMUM
> PENALTY HE COULD RECEIVE. THE PETITIONER'S CONVICTION
> WAS UNLAWFULLY INDUCED AND NOT MADE WITH THE
> UNDERSTANDING OF THE CONSEQUENCES OF THE PLEA.

Doc. 1 at 7.[2]

---

[2]The "Doc" reference is to the docket in this civil action, No. 4:15-CV608-A.

4

The motion is accompanied by a six page memorandum of law in which movant elaborates on the basis for this ground of relief. Movant says that his counsel erroneously advised him that he faced a maximum sentence of fifteen years on counts one and two, whereas the maximum sentence was really ten years. In other words, he contends that he gained nothing by pleading guilty to count two and having count one of the indictment dismissed. Movant offers no authority for his contention that consecutive sentences were not allowed.

III.

Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the

6

defendant as a result of the alleged deficiencies." <u>Strickland</u>, 466 U.S. at 697; <u>see also</u> <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562 U.S. 86 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686).  Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

IV.

<u>Analysis</u>

As stated, movant's sole complaint is that his attorney advised him that it would be in movant's best interest to plead guilty to count two of the indictment with the agreement that count one be dismissed so that movant would only face a ten-year sentence rather than a fifteen year maximum sentence. Movant argues, without any support that "cumulative penalties were not lawfully permitted" for his two crimes "because both offenses were based on one single criminal transaction." Doc. 2, at 4-5.

7

Movant is wrong. The statute governing concurrent and consecutive sentences provides that except for "an attempt and another offense that was the sole objective of the attempt," sentences may run concurrently or consecutively. 18 U.S.C. § 3584(a).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 29 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2255(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 30, 2015.

_____
JOHN McBRYDE
United States District Judge